IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CARLA and RALPH GARRETT (*a married couple*) And BENJAMIN LANE,  Plaintiff, v.  AMERICAN MODERN SELECT INSRUANCE COMPANY,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 6:20-cv-03291 |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Petition (Doc. 8) and Defendants' subsequent Motion to Amend Petition (Doc. 21). For the reasons set forth herein, the Motion to Dismiss is **GRANTED** and the Motion to Amend is **DENIED** on the grounds of futility.

## BACKGROUND

Plaintiffs Garretts are insurance policy holders of Defendant's policy. Plaintiff's Complaint at 2. The Garretts had a contractual agreement with Defendant to provide insurance in case of injury on their property. *Id*. On or about June 15, 2018, Plaintiff Lane sustained personal injury while assisting with concrete work on Garretts' home. *Id*. Plaintiffs made an insurance claim related to the damage sustained and provided medical bills to prove damages. *Id*. Plaintiffs allege that on September 18, 2018 and again on May 13, 2019, Defendant refused to pay Plaintiffs. *Id*.

Plaintiffs claim vexatious refusal, breach of contract, and bad faith refusal to settle. See Complaint, generally. Defendant moves to dismiss Plaintiffs' Complaint pursuant to 12(b)(1) and

12(b)(6). (Doc. 8, 1) Defendants move to dismiss claims of Plaintiff Lane under 12(b)(1) arguing that Plaintiff Lane lacks standing to assert claim because there is no allegation that Lane is a party to the insurance policy contract between the Plaintiffs Garretts and Defendant, or that Plaintiffs Garretts have assigned any claim for bad faith refusal to settle to Lane. *Id*. at 2.

Defendant moves to dismiss Plaintiffs Garretts claims pursuant to 12(b)(6) because Garretts similar lack standing. According to Defendant, Plaintiffs Garretts fail to state a claim for breach of contract against American Modern because there is no allegation that Plaintiff Lane has ever filed a personal injury lawsuit against Plaintiffs Garretts, that American Modern has ever refused to defend Plaintiffs Garretts in any lawsuit filed by Plaintiff Lane, that a Judgment granting an award of damages for personal injury has ever been entered in favor of Plaintiff Lane and against Plaintiffs Garretts, or that American Modern has failed to indemnify Plaintiffs Garretts for any such Judgment as required under the terms of a liability policy.

Plaintiffs Garretts fail to state a claim for vexatious refusal against American Modern because there is no allegation that the Garretts have the right to be paid for any first-party claim for coverage, or indemnified under a liability policy issued by the American Modern for any settlement or judgment paid or payable to Plaintiff Lane.

Plaintiffs Garretts fail to state a claim for bad faith refusal to settle against American Modern for the reason that there are no allegations that Plaintiffs Garretts tortiously injured Plaintiff Lane, that the tortious conduct of Plaintiffs Garretts is covered under a policy of liability insurance they held with American Modern, that Plaintiff Lane has, or will, file suit against Plaintiffs Garretts to recover damages from them, that a judgment in excess of the policy limit of the policy at issue has, or is likely to be, entered against Plaintiffs Garretts, that American Modern has reserved the exclusive right to contest or settle any claim asserted against Plaintiffs Garretts

by Plaintiff Lane, that American Modern has prohibited Plaintiffs Garretts from voluntarily assuming any liability or settling any claims without American Modern's consent, that American Modern has not fully investigated or properly evaluated any claim made by Plaintiff Lane against Plaintiffs Garretts, that American Modern has failed to recognize or appreciate the severity of Plaintiff Lane's claim against Plaintiffs Garretts, that American Modern has failed to recognize or appreciate the probability that a verdict in favor of Plaintiff Lane would likely exceed the policy limits for Plaintiffs Garretts, and that American Modern has failed to advise Plaintiffs Garretts of the existence of any settlement offers.

In response to the Motion to Dismiss, Plaintiffs filed a Motion to Amend Petition (Doc. 21).

## STANDARD

A standing argument "implicates Rule 12(b)(1)," because "if a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). To establish standing, a plaintiff must show (1) an "injury-in-fact" that (2) is "fairly ... trace[able] to the challenged action of the defendant" and (3) is "likely ... [to] be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An "injury-in-fact [is] an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*.

When suing under a contract, a plaintiff's interest is "legally protected" if the plaintiff is a party to the contract or an intended beneficiary of it. *See ITT Hartford Life & Annuity Ins. Co. v. Amerishare Inv'rs, Inc.*, 133 F.3d 664, 669 (8th Cir 1998) ("In general, a stranger to a contract has no rights under the contract unless the third party is an intended beneficiary of the contract, or there is a duty owed to the third party that is discharged by the contract.")

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See* id.

In considering a request for leave to amend, it is appropriate for a court to identify differences between the facts as alleged in the original pleading and the proffered amended pleading. *See e.g. id*. at 1485. In the event the court determines that it should consider the proffered amended pleading, the factual allegations of that amended pleading are to be treated as required under Fed. R. Civ. P. 12(b)(6) to determine whether the amended pleading is only a futile attempt to cure the deficiencies found in the original complaint. *See e.g. id*.

## DISCUSSION

In terms of the breach of contract claims, a breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) the plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by defendant; and (4) damages suffered by the plaintiff. *Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. banc 2010).

As to the claim of breach of contract, it is well settled that a tort claimant's remedy as in this case is to first obtain a settlement or judgment against the alleged tortfeasor and then, should the insurance company refuse payment after a judgment is entered against the alleged tortfeasor, a direct action may lie against the liability insurance company through a garnishment proceeding. *Desmond v. American Ins. Co.*, 786 S.W.2d 144, 145 (Mo. App. W.D. 1989). When there is an open question of law or fact, the insurance company may insist upon a judicial determination of facts without being penalized. *See e.g. Watters v. Travel Guard Intern.*, 136 S.W.3d 100, 109 (Mo. App. E.D. 2004).

As to the alleged vexatious refusal, a liability insurer has two distinct duties; the duty to indemnify the insured for covered losses, and the duty to defend the insured in any lawsuit seeking damages that would be covered losses. *Esicorp, Inc. v. Liberty Mutual. Ins. Co.,* 193 F.3d 966, 969 (8th Cir. 1999). The duty to defend arises when the insured is first sued and thus is understandably broader than the duty to indemnify. *Id.* If the complaint against the insured "alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend." *Id.*

As to the count of bad faith failure to settle, "[a]n insurer's right to control settlement and litigation under a liability insurance policy creates a fiduciary relationship between insurer and insured." *Zurich American Insurance Company v. Fluor C01poration,* 2019 WL 4750459, *6 (E.D. Mo. 2019). "Thus, an insurer owes a duty to exercise good faith in evaluating and negotiating third-party claims against its insured, and the insurer may be held liable in tort for a third-party judgment in excess of policy limits if it fails to perform its fiduciary obligation in good faith." *Id.* "It is the existence of this fiduciary relationship between insurer and insured, aside from insurer's subsisting implied covenant of good faith and fair dealing under the insurance policy, that exposes an insurer to tort liability for failing to exercise good faith in evaluating and

negotiating third-party claims against an insured." *Id.* A bad faith refusal to settle action will lie when a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy. *Scottsdale,* 448 S.W.3d at 827 *(citing Zumwalt v. Utilities Ins. Co.,* 228 S.W.2d 750, 753 (Mo. banc 1950).

### Plaintiff Lane

Benjamin Lane, the party injured on the Garretts' property, in order to make a valid case for breach of contract must first establish that he has a contract with the defendant. Plaintiffs do not allege that Lane was a party to any contract with Defendant in this case. In the instant case, there is no allegation that Lane has filed any lawsuit against Plaintiffs Garrett, or obtained a judgment against Plaintiffs Garrett for injuries he received while working on their property. Plaintiff Lane has failed to state a claim for breach of contract against Defendant.

Plaintiff Lane cannot support a claim for vexatious refusal, because Plaintiff Lane has not alleged facts sufficient to show that he had an insurance policy with American Modern.

Because a claim for bad faith refusal to settle belongs exclusively to the insured unless assigned to the injured third party, and because there is no allegation in the Petition that Plaintiffs Garrett assigned any such claim to Plaintiff Lane, who is not a party to the insurance contract, Plaintiff Lane cannot state facts sufficient to support a claim for bad faith failure to settle.

### Plaintiffs Garrett

Plaintiffs Garrett's breach of contract claim is seemingly based upon the potential liability of Plaintiffs Garrett in tort for Plaintiff's Lane's injuries. Because there are no allegations in the

Petition that Plaintiff Lane has ever filed a personal injury lawsuit against Plaintiffs Garrett, that American Modem has refused to defend Plaintiffs Garrett in any lawsuit filed by Plaintiff Lane, that a Judgment granting an award of damages for personal injury has ever been entered in favor of Plaintiff Lane and against Plaintiffs Garrett, or that American Modem has failed to indemnify Plaintiffs Garrett for any such Judgment as required under the terms of a liability policy, Plaintiffs Garrett have failed to state a claim for breach of contract against Defendant.

Neither Plaintiff Lane nor Plaintiffs Garrett have stated an actionable claim for damages for breach of contract against American Modem. Plaintiffs Garrett have not alleged facts sufficient to show they have the right to be paid for any first-party claim for coverage, or indemnified under a liability policy issued by the American Modem for any settlement or judgment paid or payable to Plaintiff Lane, Plaintiffs have failed to plead facts sufficient to establish that American Modem has refused to pay any Plaintiff without reasonable cause or excuse, American Modem cannot be held liable for vexatiously refusing to pay any Plaintiff.

With regard to the claim of bad faith refusal as to Plaintiffs Garrett, Defendant notes that, even in the amended pleading, Plaintiffs fail to allege facts that:

1. Plaintiff Lane is a party to the insurance policy contract between the Plaintiffs Garrett and American Modern;

2. Plaintiffs Garrett have assigned any of their potential claims to Plaintiff Lane;

3. Plaintiff Lane has ever filed a personal injury lawsuit against Plaintiffs Garrett;

4. American Modern has ever refused to defend Plaintiffs Garrett in any lawsuit filed by Plaintiff Lane;

5. a Judgment granting an award of damages for personal injury has ever been entered in favor of Plaintiff Lane and against Plaintiffs Garrett;

6. American Modern has failed to indemnify Plaintiffs Garrett for any such Judgment as required under the terms of a liability policy;

7. the Garretts have the right to be paid for any first-party claim for coverage, nor indemnified under a liability policy issued by the American Modern for any settlement or judgment paid or payable to Plaintiff Lane;

8. Plaintiffs Garrett tortiously injured Plaintiff Lane;

9. the tortious conduct of Plaintiffs Garrett is covered under a policy of liability insurance they held with American Modern;

10. Plaintiff Lane has filed, or will file, suit against Plaintiffs Garrett to recover damages from them;

11. a judgment in excess of the policy limit of the policy at issue has, or is likely to be, entered against Plaintiffs Garrett;

12. American Modern has reserved the exclusive right to contest or settle any claim asserted against Plaintiffs Garrett by Plaintiff Lane;

13. American Modern has prohibited Plaintiffs Garrett from voluntarily assuming any liability or settling any claims without American Modern's consent;

14. American Modern has not fully investigated or properly evaluated any claim made by Plaintiff Lane against Plaintiffs Garrett;

15. American Modern has failed to recognize or appreciate the severity of Plaintiff Lane's claim against Plaintiffs Garrett;

16. American Modern has failed to recognize or appreciate the probability that a verdict in favor of Plaintiff Lane would likely exceed the policy limits for Plaintiffs Garrett; or

17. American Modern has failed to advise Plaintiffs Garrett of the existence of any settlement offers.

## CONCLUSION

For the reasons set forth in this Order, Defendant's Motion to Dismiss (Doc. 8) is hereby **GRANTED**, and Plaintiffs' Motion to Amend Petition (Doc. 21) is **DENIED** for futility. The action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: February 10, 2021
                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **United States District Judge**